UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA MERCADEL                                                    CIVIL ACTION

VERSUS                                                               NO. 07-3425

LIBERTY MUTUAL FIRE                                                  SECTION "N"  (2)
INSURANCE COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is the Plaintiff's Motion for Reconsideration (Rec. Doc 52), pursuant to Fed. R. Civ. P. 59(e), of the summary judgment motion granted on August 14, 2008.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.* Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

Plaintiff claims that the grant of summary judgment was a clear error of law. *See* Mot. at 2. But the actual gravamen on Plaintiff's complaint is that new evidence became available after her opposition to the motion was due, which would have changed the result. Specifically, Plaintiff claims that after her opposition was filed she obtained the lease agreement for the safety deposit box, and also took the deposition of the bank branch manager, both of which tend to show the bank had actual knowledge of the faulty safety deposit boxes. *See* Mot. at 2-3.

This claim is without merit. The lease agreement, by Plaintiff's own admission, came into her possession three days before the opposition was filed and in fact was attached to her opposition. *See* Opp. at Ex. A (Rec. Doc. 38). Plaintiff put forward no argument regarding this lease agreement, either in her opposition nor in a later-filed supplemental memorandum. Likewise, the Plaintiff took the branch manager's deposition on July 11, 2008, five days before her opposition was due, and made no argument in either her opposition or a later-filed supplemental memoranda regarding this deposition. Plaintiff's failure to present this available evidence and any argument concerning it precludes the requested relief, and **IT IS ORDERED** that the motion is accordingly **DENIED**.

New Orleans, Louisiana, this 17th day of November, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**